**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAREDES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PAULISON CAR WASH & DETAILING, INC., *et al.*, <br><br> Defendants. | Civil Action No. 14-cv-03957 (JLL) (JAD) <br><br> **OPINION** |

**LINARES**, District Judge.

Plaintiffs Richardson Paredes and Hipolito Paredes initiated this action asserting violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL") on behalf of themselves individually, and on behalf of collective class members (collectively "Plaintiffs") against Defendants Paulison Car Wash & Detailing, Inc. ("Paulison"), Salah Obeidalla ("Obeidalla"), and Samir Abuhaltam ("Abuhaltam")(collectively "Defendants"). 29 U.S.C. §§ 206, 207, 216 (b); N.J.S.A. §§ 34:11-56a4 *et seq.* Currently before the Court is Plaintiffs' motion for partial Summary Judgment (ECF No. 50 ("Pls.' Mot. Summ. J.")) on the issue of liability pursuant to Fed. R. Civ. P. 56. Defendants filed a brief in opposition to Plaintiffs' motion for partial Summary Judgment (ECF No. 56 ("Defs.' Opp'n Br.")) and in response, Plaintiffs filed a reply brief to Defendants' opposition (ECF No. 57 ("Pls.' Reply Br.")). In accordance with Fed. R. Civ. P. 78, the Court has considered all submissions of the parties in

support of and in opposition to the instant motion without hearing oral argument. For the reasons stated herein, the Court determines that genuine issues of material fact exist as to Defendants' liability and therefore denies Plaintiffs' motion for partial Summary Judgment.

## I. BACKGROUND

Plaintiffs consist of former and current employees of Defendant Paulison Car Wash & Detailing where Plaintiffs worked as car wash attendants or performed other related tasks. Pls.' Mot. Summ. J. 1. On June 20, 2014, Plaintiffs filed a Collective Action Complaint pursuant to Section 203 of the FLSA on behalf of themselves and members of the putative collective class. 29 U.S.C. § 203 *et. seq.* Plaintiffs' complaint alleges that Defendants violated 29 U.S.C §§ 206, 207 and 216 (b) of the FLSA and N.J. Stat. §§ 34:11-56a4 *et. seq.* of the NJWHL for failing to meet minimum wage thresholds and for failing to sufficiently compensate Plaintiffs for overtime hours. Compl. ¶ 1, 5. Plaintiffs contend that beginning in or around June 2011 through to the present, Defendants have "engaged in a policy and practice of failing to pay Named Plaintiffs and members of the putative collective minimum wage compensation" and have "require[ed] the Named Plaintiffs and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law." Id. ¶ 3, 4. More specifically Plaintiffs' allege that Defendants:

1) Failed to comply with the FLSA overtime compensation requirement. The pertinent provision provides that "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation of their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).
2) "Willfully failed to pay the Named Plaintiff and other members of the putative collective their statutorily required overtime compensation for the time they worked in excess if forty (40) hours a week for the defendants" as set forth in New Jersey Statutes § 34:11-56a4 *et seq.*

3) Failed to pay Plaintiffs "the following rates: (1) except as otherwise provided in this section, not less than – (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day." 29 U.S.C. § 206.

4) Failed to pay "each of his employees wages at a rate of not less than $5.05 per hour as of April 1, 1992 and, after January 1, 1999 the minimum hourly wage set by section 6(a)(1) of the federal 'Fair Labor Standards Act of 1938' (29 U.S.C. s206(a)(1)), and, as of October 1, 2005, $6.15 per hour, and as of October 1, 2006, $7.15 per hour, and July 24, 2009, $7.25 per hour, for 40 hours of working time in any week." N.J. Stat. § 34:11-56a4 *et seq.*

Id. ¶ 30-51. Plaintiffs assert that Defendants fall within the meaning of "employer" as defined by 29 U.S.C. § 203 (d) and Plaintiffs fall within the meaning of "employees" as defined by 29 U.S.C. § 203 (e). Id. ¶ 34, 42, 43. Plaintiffs purport to have "worked on average 70 hours per week and [to have] earned a salary of approximately $6.00 and $7.00 per hour." Id. ¶ 20. In addition to recovery for alleged unpaid wages, Plaintiffs seek interest, damages, attorneys' fees, and costs. Id. ¶ 5. Thereafter on October 28, 2014 Defendants filed an Answer (ECF No. 11, Defendants' Answer ("Defs.' Answer")) denying Plaintiffs' allegations.

Previously in March 2013, the New Jersey Department of Labor and Workforce Development ("DOL") had performed a routine inspection of Defendants' pay records and time records. ECF No. 50-13. After conducting said review, the DOL issued a letter indicating that Paulison was in violation of N.J.S.A. § 34:11-56a20 and § 12:56-4.1 for failing to maintain accounts of total weekly hours, regular hourly wage rates, cash additions to wages, earnings, gross wages, payroll registers or statement of earnings, job title[s], employee Social Security Number[s] (or Taxpayer ID Number[s]), and employee information. Id. The inspection revealed that Defendants failed to provide last names for full time employees, names of part-time employees, and that Defendants paid employees in cash. Id. The report further indicates during the employer review with the "President", "Mr. Obeidallah admit[ed] to the record violations" and that the "firm provided signed

statements from the regular employees stating that they were paid at least $7.25 per hour for all hours worked and [that] they never worked more than 40 hours per week." Id

On March 8, 2016, this Court issued an order (ECF No. 35) denying Defendants' motion to enforce settlement agreements and releases of Plaintiffs' Vivian Carrillo Pinto, Enrique Garcia, Geranimo Fuentes, and Bernardino Bonilla. See *Geraghty v. Ins. Servs. Office, Inc.*, 369 F. App'x 402, 405 (3d Cir. 2010); *Cirillo v. Arco Chem Co.*, 862 F. 2d 448, 451 (3d Cir. 1988); *Tedesco Mfg. Co., Inc. v. Honeywell Intern. Inc.*, 371 F. App'x 316, 320 (3d Cir. 2010); *Tiernan v. Devoe*, 923 F.2d 1024, 1031-32 (3d Cir. 1991).

On August 1, 2016, Plaintiffs filed the instant motion for partial Summary Judgment. The following facts are in dispute unless otherwise noted. Defendants dispute Plaintiffs' Declarations which assert that during the relevant time period each typically worked 7 days a week from approximately 8:00 a.m. until 6:00 p.m. or 7:00 p.m. Plaintiffs' Declarations, "Pls.' Decls.", ECF Nos. 50-5 – 50-12. Defendants also dispute the following facts provided in Plaintiffs' Declarations: Hipolito Paredes earned $5.00 per hour from 2001 to 2005 and then $7.00 per hour for all hours worked from October 2006 through July 2014; (H. Paredes Decl. 2; 4, ECF No. 50-5); Richardson Paredes earned $6.00 per hour from 2007 to 2012 and $7.00 per hour during 2013 (R. Paredes Decl. 4, ECF No. 50-6); Vivian Carrillo Pinto earned $6.00 per hour from September 2002 until July 2015 when Defendants began paying her an hourly rate of $7.50 for all hours worked (Pinto Decl. 5, ECF No. 50-7); Enrique Garcia earned $7.00 per hour for all hours worked from approximately 2000 until 2015 (Garcia Decl. 2; 4 , ECF No. 50-8); Geranimo Fuentes earned between $7.00 and $8.38 per hour for all hours worked from approximately 2001 through June 2015 (G. Fuentes Decl. 2; 5, ECF No. 50-9); Bernardino Bonilla Martinez earned between $5.00 and $6.25 per hour for all hours worked from approximately 2004 until December 2014 when he

was paid $7.00 per hour for all hours worked during that month (Martinez Decl. 2; 6, ECF No. 50-10); Eusebio Fuentes earned $6.00 per hour from 2000 until 2011 and $7.00 per hour from 2013 until October 2014 (E. Fuentes Decl. 2; 4, ECF No. 50-11); and Sotero Bonilla earned $4.50 at the commencement of his employment in 2005 until 2012 when he began earning $7.15 per hour until 2014 (Bonilla Decl. 2; 4, ECF No. 50-12).

Furthermore, H. Paredes, Garcia, Fuentes and Bonilla provide that each had a timecard every week and both Obeidalla and Abuhaltam as their supervisors determined how much each was paid, assigned their schedule and had complete control over his work. H. Paredes Decl. 5; 6. H. Paredes' declaration further provides that Abuhaltam wrote his start time and end time every day, the amount of hours worked that week and the amount he would be paid that week. Id. Each week, H. Paredes, Garcia, Fuentes and Bonilla assert that they were compensated by being given an envelope which contained cash and also that they never received a pay stub. Id. 8.

Defendants dispute the relevant time periods that Plaintiffs purport to have worked for Paulison and also state that all Plaintiffs also took many unscheduled days off, sick, personal and vacation days as well as having other absences from the relevant periods of their employment. D. 56.1 ¶ 1-8. Defendants also assert that H. Paredes worked at other car washes and in construction throughout the time period alleged by Plaintiffs. Id. ¶¶ 1. Defendants assert that Martinez only worked weekends for the eight-year period of time during his alleged employment with Paulison. Id. ¶ 6. During his alleged employment, Defendants purport that E. Fuentes lived in Mexico for an eight to ten year period of time which resulting in his absence from Paulison. Id. ¶ 7. Also during the relevant time period, Defendants contend that E. Fuentes worked in landscaping. Id. Lastly, Defendants state that Bonilla worked in construction and at a factory during his alleged

period of employment at Paulison. Id. ¶ 8. For the reasons discussed below, this Court denies Plaintiffs' motion for partial summary judgment.

## II. STANDARD FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, a Court may grant a party's motion for summary judgment when that moving party demonstrates that there is no genuine issue of material fact and the evidence establishes that the moving party is entitled to judgement as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). A dispute is factual if a reasonable jury could return a verdict for the non-movant and a dispute is material, if under the substantive law, it would affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed 2d 202 (1986). When the moving party bears the burden of proof at trial, it must establish the absence of a genuine issue of material fact on all essential elements of its case that it bears at trial. *In re Bressman*, 327 F. 3d 229, 238 (3d Cir. 2003).

Once the moving party fulfills its initial burden, the nonmoving party must establish there is a material fact for trial by presenting actual evidence rather than mere allegations. *Id.* at 256-7. A nonmoving party creates a genuine issue of material fact by presenting sufficient evidence so that a reasonable jury could render a decision in their favor. *Marino v. Indus. Crating Co.*, 358 F. 3d 241, 247 (3d Cir. 2004)(citing *Anderson*, 477 U.S. at 255). "A district court must not engage in credibility determinations or weighing of the evidence, rather the nonmoving party's evidence is to be believed and all justifiable inferences are to be drawn in its favor." *Id.*

## III. ANALYSIS

Plaintiffs move for partial Summary Judgment on the issue of liability claiming that the testimony and evidence demonstrate that Plaintiffs were not paid minimum wage and routinely

worked for more than 40 hours per week without receiving overtime compensation and therefore Plaintiffs are entitled to summary judgment as a matter of law. Plaintiffs' base their motion on the following four allegations: 1) Defendants have failed to comply with State and Federal record keeping requirements; 2) Defendants willfully violated minimum wage and overtime laws pursuant to the FLSA and NJWHL; 3) Defendants Obeidalla and Abuhaltam are employers and personally liable for unpaid wages; and 4) FLSA three-year statute of limitations is applicable because Defendants actions were willful. *See* Pls.' Mot. Summ J. After reviewing the record and construing the evidence in a light favorable to the nonmoving party, the Court finds that Plaintiffs' partial motion for summary judgment fails to demonstrate that there is no genuine issue of fact for trial.

### A. Record Keeping Requirements under the FLSA and NJWHL

Plaintiffs argue they are entitled to partial summary judgment as to the issue of liability because Defendants failed to comply with State and Federal law by failing to maintain and generate accurate payroll records in accordance with 29 U.S.C. § 211 (c), 29 C.F.R. § 516.2 (a)(7)[1] and N.J. Stat. § 34:11-4.6[2]. More specifically, Plaintiffs argue that since Defendants failed to comply with State and Federal record keeping requirements, Plaintiffs are entitled to rely on their own recollection and records to prove hours worked and compensation and thus Defendants cannot meet their burden of proof to survive a motion for summary judgment. Pls.' Mot. Summ. J. 5. In turn, Defendants argue Plaintiffs fail to provide sufficient evidence to warrant granting a motion

---

[1] The Code of Federal Regulations for the Wage and Hour Division of the Department of Labor provides "hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays). 29 C.F.R. § 516.2(a)(7).

[2] New Jersey Labor and Worker Compensation law sets forth that every employer must "make such records as to the persons employed by him, including wage and hour records and preserve such records for such periods of time, as the commissioner shall prescribe by regulation as necessary or appropriate for the enforcement of the provisions of this act..." N.J. Stat. § 34:11-4.6

7

for summary judgment in their favor and further argue that genuine issues of material facts exist as to: (1) "whether Plaintiffs' hourly wage rate plus tips always met or exceeded the applicable minimum wage rate"; (2) "whether Plaintiffs ever worked in excess of forty (40) hours in a given week"; (3) "if Plaintiffs worked in excess of forty (40) hours, were Plaintiffs properly compensated for their overtime hours under the applicable laws"; and (4) "whether Plaintiffs have provided sufficient evidence to establish that they were improperly compensated for work performed for Defendants." Defs.' Opp'n Br. 15-16.

Section 211 (c) of the FLSA requires an employer to "make, keep and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time." 29 U.S.C. § 211 (c). When an employer violates said provision, this does not result in a sanction *per se*, however the employer's failure to provide evidence of the hours an employee worked and the corresponding compensation may require the court to approximate damages. *Genarie v. PRD Mgmt.*, No. 04-2082 U.S. Dist. LEXIS 9705, at *53 (D.N.J. Feb. 17, 2006)((citing *Anderson*, 328 U.S. at 687-88; *Martin v. Selker Bros., Inc.*, 949 F. 2d 1286, 1297 (3d Cir. 1991)). Pursuant to *Anderson*, when an employer's records are inadequate, the Court must deem that an employee has carried out his burden if the employee demonstrates that "he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687-88. After an employee fulfills their burden, the burden then shifts to the employer to produce evidence of the amount of hours worked or evidence "to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* In the event that an employer fails to fulfill their burden,

8

the Court then may award damages to the employee although the damages may be approximate. *Id.*

Here, the Court finds Plaintiffs have failed to provide sufficient evidence to show that they are entitled to summary judgment on this issue. Further to rule on this matter at this juncture, as a matter of law, would require the Court to make credibility determinations as the Plaintiffs base their arguments only on their own Declarations. Further Plaintiffs provided timecards for the time period of approximately four weeks for only two Plaintiffs. This does not warrant a "just and reasonable inference" at the summary judgment stage that all Plaintiffs worked the hours for which they were allegedly improperly compensated. Therefore, the Court finds that a genuine issue of material fact exists as to the number of hours each employee worked for the relevant time periods.

### B. Minimum Wage and Overtime Compensation under the FLSA and NJWHL

Plaintiffs argue they are entitled to summary judgment because Defendants willfully violated minimum wage and overtime laws under the FLSA and the NJWHL. Federal Law requires employers to pay employees a minimum of $7.25 per hour while New Jersey Law requires employers to pay employees $8.25 per hour as of January 1, 2014. 29 U.S.C. § 206 (a)(1)(c); N.J. Stat. § 34:11-56a4 *et. seq.* Furthermore, Plaintiffs assert that when an employer fails to maintain records of employee wages and hours, this entitles the employees to rely on their own records in order to prove hours worked and wages earned. Plaintiffs further allege that they have met this burden based on the testimony each has provided in their Declarations. *See* Pls.' Decls.', ECF Nos. 50-5 – 50-12. Defendants in turn argue that Plaintiffs' Declarations are self-serving and require the Court to make credibility determinations regarding Plaintiffs' affidavits. Defs.' Opp'n. Br. 16.

### 1. *Minimum Wage*

Plaintiffs purport that they are entitled to summary judgment on this issue since they claim Defendants own statements affirm that Plaintiffs were paid less than minimum wage rate. Pls.' Mot. Summ. J. 8. Plaintiffs' Statement of Material Facts pursuant to Rule 56.1 (ECF No. 50-2, P. 56.1) states that Abuhaltam asserted that Defendants Pinto and Martinez received a raise of $7.00 an hour which still fell below the New Jersey threshold for minimum wage requirements by $1.25. Id at 8. Plaintiffs further contend that the time records and payroll documents reflect the same conclusion and demonstrate that Plaintiffs were in fact earning less than minimum wage. Id.

For an employee to recover for uncompensated hours, an employee must demonstrate that that amount of uncompensated hours that the employee worked is not *de minimis*. *Anderson*, 328 U.S. at 692. A three part-part test determines whether compensable time is *de minimis* under the FLSA. The factors considered are: (1) the administrative difficulty of recording the additional time; (2) the size of the claim in the aggregate; and (3) whether the work was performed on a regular basis. *Genarie*, No. 04-2082 U.S. Dist. LEXIS 9705, at *41 (citing Anderson, 328 U.S. 692; *Albanese v. Bergen County*, 991 F. Supp 410 (D.N.J. 1997)).

Plaintiffs have submitted timecards in support of their instant motion. Only Garcia and H. Paredes' timecards are provided. Pls.' Mot. Summ. J. 8. The timecards recovered by the Plaintiffs are handwritten as Plaintiff reiterates Defendant Abuhaltam wrote down Plaintiffs' arrival and departure times, the amount of hours that Plaintiffs worked each day and how much money earned each week. Id.; P. 56.1 ¶ 42. The timecards reveal that Garcia, for the period of March 26, 2012 to April 1, 2012 worked 59.5 hours and received $388.00 for the entire week; this amounts to a rate of $6.50 per hour. Id; P. 56.1 ¶¶ 43, 49. Furthermore, Garcia's timecard demonstrates that for the week of November 18, 2013 to November 24, 2013, he worked a total of 50.75 hours and

received $355.25 for the entire week. Plaintiffs deduce that this equals a rate to $7.00 per hour. Pls.' Mot. Summ. J. 8.

Additionally provided, H. Paredes' timecard reveals that for the time period from October 3 to October 9 he worked a total of 70.75 hours and received $424.50 amounting to a rate of $6.00 per hour. Id. H. Paredes' April 2, 2012 to April 8, 2012 timecard reveals that he worked 73.15 hours that week earning a total of $438.90 which amounts to a rate of $6.00 per hour. Id. Plaintiffs assert that the aforementioned timecards in addition to Plaintiffs' declarations prove that Defendants failed to compensate Plaintiffs in accordance with the statutorily-mandated minimum wage thereby entitling Plaintiffs to summary judgment on this issue.

Here, the Court finds that Plaintiffs have not met their burden and genuine issues of material fact exist as to all of the *Albanese* factors listed above. Although the Plaintiffs provided timecards, Plaintiffs have failed to provide an account of the administrative difficulty in recording additional hours worked, a detailed breakdown of daily and weekly activities of the Plaintiffs and whether the work was performed on a daily basis. Moreover, Plaintiffs have failed to demonstrate at this juncture that the amount of uncompensated time in the aggregate was not *de minimis*, instead Plaintiffs provide timecards for two of Paulison's former employees and Declarations of the employees that fail to fulfill the factors as provided by *Albanese*. Therefore, the Court will not rule on this matter as a matter of law and denies summary judgment.

### 2. Overtime Compensation

Plaintiffs purport that they are entitled to summary judgment on this issue since they claim Defendants own statements affirm that Plaintiffs were paid less than minimum wage rate. Pls.' Mot. Summ. J. 8. Plaintiffs' Statement of Material Facts pursuant to Rule 56.1 states that Abuhaltam asserted that Defendants Pinto and Martinez received a raise to $7.00 an hour which

11

still fell below the New Jersey threshold for minimum wage requirements by $1.25. Id at 8. Plaintiffs further contend that the time records and payroll documents reflect the same conclusion and demonstrate that Plaintiffs were in fact earning less than minimum wage. Id. The timecards reveal that Garcia, for the period of March 26, 2012 to April 1, 2012 worked 59.5 hours and received $388.00 for the entire week; this amounts to a rate of $6.50 per hour. Id; P. 56.1 ¶¶ 43, 49. Furthermore, Garcia's timecard demonstrates that for the week of November 18, 2013 to November 24, 2013, he worked a total of 50.75 hours and received $355.25 for the entire week. Plaintiffs deduce that this equals a rate of $7.00 per hour. Pls.' Mot. Summ. J. 8. Additionally provided, H. Paredes' timecard reveals that for the time period from October 3 to October 9 he worked a total of 70.75 hours and received $424.50 amounting to a rate of $6.00 per hour. Id. H. Paredes' April 2, 2012 to April 8, 2012 timecard reveals that he worked 73.15 hours that week earning a total of $438.90 which amounts to a rate of $6.00 per hour. Id. Plaintiffs assert that the aforementioned timecards in addition to Plaintiffs' declarations prove that Defendants failed to compensate Plaintiffs in accordance with the statutorily-mandated minimum wage thereby entitling Plaintiffs to summary judgment on this issue.

Plaintiffs further argue that Defendants failed to provide compensation for overtime hours as required by the FLSA and the NJWHL. Pls.' Mot. Summ. J. 10. Furthermore, Plaintiffs again rely on the timecards of Garcia and H. Paredes discussed above as well as Plaintiffs' declarations. Plaintiffs contend that the timecards corroborate Plaintiffs' declarations by demonstrating that Defendants failed to provide overtime compensation for additional hours worked beyond forty each week. Pls.' Mot. Summ. J. 10. Based on the timecards and calculations provided above, Plaintiffs contend that they are entitled to summary judgment because "despite the few timecards Plaintiffs retained [they] fully corroborate Plaintiffs' testimony [and] Plaintiffs have met their

burden to show that Defendants failed to pay overtime compensation." Pls.' Mot. Summ. J. Defendants assert that Plaintiffs declarations are self-serving and this is the strongest evidence provided by Plaintiffs in support of their claim for summary judgment on this issue. Defs.' Opp'n. Br. 22. Defendants continue to maintain that they have not violated the minimum wage and hour laws as required by neither federal nor state law. Id. Rather, Defendants contend that Plaintiffs failed to respond to the Defendants' request for the production of documents, violated the discovery rules and also contend that if Plaintiff believed that Defendants failed to provide any relevant discovery the absence of said discovery, should not be used as a basis for their summary judgment motion. Id. Defendants purport that the correct remedy should have been to file a motion to compel production of said discovery. Id. 23.

The Court finds that Plaintiffs are in fact calling upon the Court to make credibility determinations as to the veracity of the information contained in the abovementioned affidavits. For example, as noted, H. Paredes' affidavit states that he earned $5.00 per hour from 2001 to 2005 and then $7.00 per hour for all hours worked from October 2006 through July 2014 (H. Paredes Decl. 2; 4); R. Paredes' affidavit states he earned $6.00 per hour from 2007 to 2012 and $7.00 per hour during 2013 (R. Paredes Decl. 4); Pinto's affidavit states that she earned $6.00 per hour from September 2002 until July 2015 when Defendants began paying her an hourly rate of $7.50 for all hours worked (Pinto Decl. 5); Garcia's affidavit states that he earned $7.00 per hour for all hours worked from approximately 2000 until 2015 (Garcia Decl. 2; 4); G. Fuentes' affidavit states that he earned between $7.00 and $8.38 per hour for all hours worked from approximately 2001 through June 2015 (G. Fuentes Decl. 2; 5); Martinez's affidavit states he earned between $5.00 and $6.25 per hour for all hours worked from approximately 2004 until December 2014 when he was paid $7.00 per hour for all hours worked during that month (Martinez Decl. 2; 6); E.

Fuentes' affidavit states he earned $6.00 per hour from 2000 until 2011 and $7.00 per hour from 2013 until October 2014 (E. Fuentes Decl. 2; 4); and lastly, Bonilla's affidavit states he earned $4.50 at the commencement of his employment in 2005 until 2012 when he began earning $7.15 per hour until 2014 (Bonilla Decl. 2; 4).

These aforesaid allegations are deemed as untruthful by the Defendants. In fact, Defendants claim that each Plaintiff took many unscheduled days off including sick, personal and vacation days in addition to other having other relevant periods of absences. *See* Defendants' Reply to Plaintiffs' Statement of Material Facts. Defendants, in their Reply to Plaintiffs' Statement of Material Facts, assert the following: H. Paredes worked at other car washes and in construction during his alleged period of employment (D. 56.1 ¶ 1.); Martinez worked only weekends during his alleged eight year period of employment with Paulison (Id. ¶ 6.); E. Fuentes lived in Mexico for an eight to ten year period during his alleged employment with Paulison and he also worked in landscaping during said employment (Id. ¶ 7); and that Bonilla worked in construction and at a factory during the time of his alleged employment with Paulison (Id. ¶ 8). Resolving the factual disputes highlighted above would require the Court to make credibility determinations as to the truthfulness of the facts as set forth by each party and because credibility determinations are a function reserved for the fact-finder the Court denies summary judgment on this issue. See *Anderson*, 477 U.S. at 216 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.")

### C. Personal Liability for Unpaid Wages

Plaintiffs argue that because Defendants admit to being Plaintiffs employers, Defendants are personally liable for unpaid compensation. Defendants however assert that the mere fact that

14

Defendants supervised the Plaintiffs as employees of Paulison, this does not mean that personal liability attaches to Obeidalla and/or Abuhaltam for unpaid wages. Defs.' Relpy Br. 23.

Pursuant to the FLSA, an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203 (d). Plaintiffs argue that the FLSA defines employer "expansively" and with "striking breadth." *In re Enter Rent-A-Car Wage & Hour Empl. Practices Litig.*, 683 F.3d 462, 467-68 (3d Cir. 2012)(internal citations omitted). Defendants in turn contest this proposition as they assert that just because Defendants employed Plaintiffs, this does not mean that personal liability automatically attaches.

In order to determine the employment status of an individual under the FLSA, Courts look to the "Economic Reality" of the relationship between the individual and the employer. *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961). The "Economic Reality" Test "examines whether the individual supervisor carried out the functions of an employer with respect to the employee." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole.*, 667 F. 3d 408 (3d Cir. 2012)(internal citations omitted). The test consists of four factors: "(1) authority to hire and fire employees; (2) authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (3) day-to-day supervision, including employee discipline (4) control of employee records, including payroll, insurance, taxes, and the like." *In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.* 683 F. 3d at 469. No one factor is dispositive. *Rutherford v. McComb*, 331 U.S. 722, 730 (1947).

Though it is conceded by Defendants that both Obeidalla and Abuhaltam are employers within the meaning of the "Economic Reality Test," as previously stated Plaintiffs fail at this juncture to meet their burden of proving as a matter of law that there were violations of the FLSA or NJWHL or whether said orders were willful. The Court finds that genuine issues of material fact exist as

to this Defendants' personal liability for unpaid wages and summary judgment will not be granted on this issue.

### D. FLSA 3 Year Statute of Limitations

Plaintiffs assert that although the statute of limitations under the FLSA is ordinarily two years the application of a three-year statute of limitations is warranted since Defendants willfully violated Section 255 (a) of the FLSA. Pls.' Mot. Summ. J. 12. Defendants maintain that they did not violate the FLSA therefore the three-year statute of limitations is inapplicable.

Plaintiffs correctly assert that "claims brought pursuant to the FLSA must be filed within two years of the date of accrual, unless the violation is willful, then the statute of limitations is extended to three years." 29 U.S.C. § 255 (a). For the reasons stated above, the Court finds that genuine issues of material fact exist as to the alleged FLSA violations and whether if said violations existed whether or not they were willful, therefore the Court reserves the determination on the applicable statute of limitations at this stage.

### IV.     CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' Motion for Partial Summary Judgment and finds that genuine issues of material fact exist as to whether: 1) Defendants have failed to comply with State and Federal record keeping requirements; 2) Defendants willfully violated minimum wage and overtime laws pursuant to the FLSA and NJWHL; 3) Defendants Salah Obeidalla and Samir Abuhaltam are employers and therefore personally liable for unpaid wages; and 4) FLSA three-year statute of limitations is applicable because Defendants actions were willful.  An appropriate order accompanies this opinion.

DATED: December 6th 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE