**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARDSON PAREDES, *et al.*, | CIVIL ACTION NO. 14-3957 (JLL) |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| PAULISON CAR WASH & DETAILING, INC., *et al.*, | |
| Defendants. | |

**LINARES,** Chief District Judge

This matter comes before the Court upon the defendants' oral motion during the bench trial to bar six individuals — Sotero Bonilla, Vivian Carrillo, Eusebio Fuentes, Geronimo Fuentes, Bernardino Bonilla Martinez, and Enrique Garcia (hereinafter, "the Six Additional Individuals") — from being deemed to be additional party plaintiffs in this action. (ECF No. 120 at 12–15; *see also* ECF No. 121 at 4–7.) The caption for the complaint lists only two plaintiffs by name, *i.e.*, Hipolito Paredes and Richardson Paredes (hereinafter, "the Two Paredes Plaintiffs"). The counsel for the Two Paredes Plaintiffs (hereinafter, "Plaintiffs' Counsel") orally opposed that motion, and argued that the Six Additional Individuals should be treated as party plaintiffs. (ECF No. 120 at 18–19; *see also* ECF No. 121 at 7–8.)

At the Court's direction, the parties filed letter briefs in support of and in opposition to the oral motion. (ECF No. 117 at 1–3; ECF No. 118 at 1–3.) The Court has reviewed the papers and relevant portions of the trial transcript. For the following reasons: (1) the defendants' oral motion is denied; (2) the Six Additional Individuals are deemed to be party plaintiffs to this action; and (3) the bench trial in this action will resume on the date directed by the Court herein.

## BACKGROUND

The Court has previously set forth the relevant factual and procedural background underlying this action at length. (*See* ECF No. 35 at 1–3 (an Order, entered on March 8, 2016, denying defendants' motion to enforce settlement agreements); ECF No. 64 at 1–17 & ECF No. 65 at 1–2 (an Opinion and an Order, both entered on December 7, 2016, addressing the motion filed by Plaintiffs' Counsel for summary judgment); ECF No. 104 at 1–3 (an Order, entered on December 15, 2017, memorializing the Court's determinations concerning the parties' motions *in limine* following oral argument on those motions).) Accordingly, the Court need not restate, and hereby incorporates, the same herein. However, for the sake of clarity, the Court sets forth the following.

### I. Previous Filings

This action was initiated in June 2014 as a purported collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*, by the Two Paredes Plaintiffs, who were

employed by the defendant Paulison Car Wash & Detailing, Inc. (hereinafter, "the Car Wash"). (ECF No. 1.) The Two Paredes Plaintiffs sought to recover for the underpayment of minimum wages and overtime wages by the Car Wash and its owners, the defendants Salah Obeidalla and Samir Abuhaltam, "on behalf of [themselves] and a collective consisting of similarly situated employees who performed work for Defendants as car washers and related jobs at Defendant Paulson Car Wash & Detailing, Inc." (*Id.* at 3.)

In July 2014, one month after the Two Paredes Plaintiffs brought this action, Plaintiffs' Counsel filed notices on behalf of the Six Additional Individuals, all of whom: (1) were employed by the defendants; (2) consented to join in the action; and (3) designated Plaintiffs' Counsel as their attorneys. (ECF No. 3 (Notice of Filing by Plaintiffs' Counsel, dated July 24, 2014); ECF No. 3-1 (Bonilla's Notice, signed on July 1, 2014); ECF No. 3-2 (Carrillo's Notice, signed on July 10, 2014); ECF No. 3-3 (Notice of Eusebio Fuentes, signed on July 3, 2014); ECF No. 3-4 (Notice of Geronimo Fuentes, signed on July 3, 2014); ECF No. 3-5 (Martinez's Notice, signed on July 10, 2014); ECF No. 3-6 (Garcia's Notice, signed on July 3, 2014).) The Six Additional Individuals alleged in each of their Notices that they "wish[ed] to participate in a lawsuit to recover any unpaid wages that may be owed to [them] under the Federal Fair Labor Standards Act against Paulison Car Wash." (*E.g.*, ECF No. 3-6.)

The defendants filed an answer to the complaint in October 2014. (ECF No. 11.) From that time forward, even though Plaintiffs' Counsel did not move to certify this

action as a class action, move to conditionally certify the action, or move to amend the caption to add the Six Additional Plaintiffs to the case, Plaintiffs' Counsel consistently indicated to the defendants and to the Court that they represented the interests of the Two Paredes Plaintiffs and the Six Additional Individuals. (*See, e.g.*, ECF No. 17 (in correspondence to the Magistrate Judge filed in June 2015, Plaintiffs' Counsel indicating that "[t]his firm is legal counsel to [the Two Paredes] Plaintiffs . . . , Opt-in Plaintiffs Sotero Bonilla, Vivian Carrillo, Eusebio Fuentes . . . , Geronimo Fuentes . . . , Bernardino Bonilla Martinez, and Enrique Garcia . . . and the putative class" in this action); ECF No. 32-1 at 23 (disclosures made by Plaintiffs' Counsel pursuant to Federal Rule of Civil Procedure 26 in February 2015, which listed the Six Additional Individuals); ECF No. 50-2 at 1–6 (Statement of Material Facts filed by Plaintiffs' Counsel in August 2016 in support of a motion for summary judgment, which listed the Two Paredes Plaintiffs and the Six Additional Individuals as plaintiffs in this action, and which specifically asserted wage-underpayment allegations on behalf of all of them); ECF No. 87 at 6 (Plaintiffs' Counsel, in a brief filed in support of a motion *in limine* in September 2017, identifying the plaintiffs in the action as being the Two Paredes Plaintiffs and the Six Additional Plaintiffs); ECF No. 108 at 5, 14 (Plaintiffs' Counsel, in the Pretrial Memorandum of Law, listing the same, and setting forth the expected trial testimony of the Six Additional Individuals).)

Indeed, Plaintiffs' Counsel reiterated that the Six Additional Individuals were to be treated as party plaintiffs in the Proposed Pretrial Orders that were submitted to the

Court. (*See* ECF No. 81-2 at 2 (first Proposed Pretrial Order submitted in July 2017 asserting that "[t]his is an action for money damages brought by Plaintiffs Hipolito Paredes; Richardson Paredes; Vivian Carrillo Pinto; Enrique Garcia; Geronimo Fuentes; Bernardino Bonilla Martinez; Eusebio Fuentes; and Sotero Bonilla" concerning "Defendants willful[] fail[ure] to pay them at a rate in compliance with the statutory minimum [w]age rate and fail[ure] to pay them overtime compensation at one and one-half times their hourly wage rate"); *see also id.* at 5, 9–11 (setting forth wage-underpayment claims on behalf of the Six Additional Plaintiffs, and asserting that they were expected to testify at trial); ECF No. 84 at 2, 6–7 (second Proposed Pretrial Order submitted in August 2017 asserting the same); ECF No. 85 at 2, 7 (third Proposed Pretrial Order submitted in September 2017 asserting the same).) Furthermore, the Court's Joint Final Pretrial Order, entered in October 2017, identified the Two Paredes Plaintiffs and the Six Additional Individuals as the party plaintiffs, without objection from the defendants. (*See* ECF No. 97 at 2, 7.)

In addition, the defendants have previously acknowledged in their filings that they: (1) considered the Six Additional Individuals to be party plaintiffs here; and (2) were preparing to defend themselves against any allegations made on behalf of the Six Additional Individuals. (*See, e.g.,* ECF No. 25 (defendants' correspondence filed in October 2015 arguing that "the majority of Plaintiffs in the purported class entered into settlement agreements directly with the Defendants"); ECF No. 27 at 2 (defendants'

correspondence filed in November 2015 arguing that "Defendants entered into binding settlement agreements with plaintiffs Hipolito Paredes, Geronimo Fuentes, Bernard[ino] Bonilla [Martinez], Vivian Carrillo, and Enrique Garcia"); ECF No. 32 at 5 (defendants arguing the same, and once again identifying Geronimo Fuentes, Bernardino Bonilla Martinez, Vivian Carrillo, and Enrique Garcia as "plaintiffs," in a brief filed in January 2016 in support of a motion to enforce the settlement agreements, which the Court eventually denied); ECF No. 32-1 at 98 (defendants' October 2015 correspondence to Plaintiffs' Counsel "to confirm" that Plaintiffs' Counsel represented, among others, five of the Six Additional Individuals); ECF No. 56-7 at 2–26 (defendants' May 2016 correspondence sent to Plaintiffs' Counsel, as opposed to the Six Additional Individuals personally, seeking to depose the Six Additional Individuals, all of whom the defendants identified as being "your clients").)

This acknowledgement by the defendants as to the status of the Six Additional Individuals continued throughout the stages in this action involving dispositive motion practice and the motions *in limine*. (*See* ECF No. 56 at 5–8 (defendants' Counterstatement of Disputed Facts filed in September 2016 in response to Plaintiffs' Counsel's motion for summary judgment, wherein defendants specifically: (1) disputed the wage-underpayment claims that were made by the Six Additional Individuals; and (2) asserted that "Defendants provided voluminous discovery to counsel for [the Two Paredes Plaintiffs and the Six Additional Individuals] (collectively the 'Plaintiffs)"); ECF No. 56 at 16 (defendants' brief in opposition filed in September 2016 to Plaintiffs'

6

Counsel's motion for summary judgment, wherein defendants acknowledged that they sought to depose the Six Additional Individuals in order to prepare to defend against their allegations); ECF No. 61-1 at 1 (defendants identifying the Two Paredes Plaintiffs and the Six Additional Plaintiffs in a certification as being the plaintiffs in this action); ECF No. 92-1 at 1 (defendants' certification filed in support of their motion *in limine*, wherein the defendants sought to "bar the introduction of the plaintiffs' Hipolito Paredes, Richardson Paredes, Vivian Carrillo Pinto, Enrique Garcia, Geronimo Fuentes, Bernardino Bonilla Martinez, Eusebio Fuentes, and Sotero Bonilla (collectively the 'Plaintiffs') time records stolen from the Defendants"); ECF No. 93-1 at 1 (defendants' certification filed in opposition to Plaintiffs' Counsel's motion *in limine*, wherein "plaintiffs" are listed as the Two Paredes Plaintiffs and the Six Additional Individuals).)

Despite the aforementioned apparent acknowledgements concerning the Six Additional Individuals, the defendants did not seek further clarification from the Court concerning the status of the Six Additional Individuals before the bench trial commenced. On the first day of the bench trial, which was three-and-a-half years after the defendants filed their answer in this action, the defendants orally moved for the first time to bar the Six Additional Individuals from being treated as party plaintiffs, and to bar Plaintiffs' Counsel from introducing any evidence on behalf of the Six Additional Individuals at trial. (ECF No. 120 at 12–15.)

## II. Trial Testimony

The Two Paredes Plaintiffs testified at trial. (ECF No. 120 at 20–101; ECF No.

121 at 133–148; ECF No. 122 at 4–65.) In addition, the Court permitted four of the Six Additional Individuals, *i.e.*, Sotero Bonilla, Enrique Garcia, Eusebio Fuentes, and Geronimo Fuentes, to testify at trial. (ECF No. 120 at 102–130 (Bonilla's testimony); ECF No. 121 at 8–32 (same); *id.* at 33–81 (Garcia's testimony); *id.* at 81–107 (testimony of Eusebio Fuentes); *id.* at 107–132 (testimony of Geronimo Fuentes).) Bernardino Bonilla Martinez and Vivian Carrillo did not testify at trial. (*See* ECF No. 123 at 7–8 (defendants' counsel noting same).)

One of the defendants, Salah Obeidalla, testified at trial. (ECF No. 123 at 9–82.) However, the defendants' counsel did not rest, and reserved the right to continue the defendants' case, including the recall of all those who had already testified, based upon the Court's forthcoming determination concerning the motion to bar the claims of the Six Additional Individuals. (*Id.* at 82–84, 87–88, 92.)

### III. Arguments

Plaintiffs' Counsel now argues in a letter brief that:

> Because nearly all full-time employees of Defendants immediately filed consents to join this action, and the parties engaged in a lengthy period of discovery and settlement discussions concerning all eight Plaintiffs, Plaintiffs did not file a motion for conditional certification, and all parties proceeded with this action treating opt-ins as party plaintiffs.

(ECF No. 117 at 2.)

In addition, Plaintiffs' Counsel requests that the caption in this action be amended to reflect the names of the Six Additional Individuals as being party plaintiffs. (*Id.* at 3.)

8

In response, the defendants argue that the position taken by Plaintiffs' Counsel in its briefing here is contrary to their position taken at trial that this action should be treated as eight consolidated actions, and thus the arguments of Plaintiffs' Counsel are barred by judicial estoppel. (ECF No. 118 at 1.)

**DISCUSSION**

The Court holds that it is entirely appropriate for the Six Additional Individuals to be treated as party plaintiffs in this action at this juncture without the benefit of a motion for conditional certification or a motion for certification, because the Six Additional Individuals filed opt-in notices merely one month after the action was commenced. The Court so holds "because conditional certification is not obligatory in an FLSA action," and thus "a district court has no authority to summarily bar a plaintiff from opting into the lawsuit on account of some defect in conditional certification . . . so long as the opt-in plaintiff has satisfied the written notice requirements of [the FLSA under] 29 U.S.C. § 216(b)." *Anjum v. J.C. Penney Co.*, No. 13-460, 2014 WL 5090018, at *12 (E.D.N.Y. Oct. 9, 2014). The FLSA itself permits such an action "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated," and expressly permits an employee to simply join as "a party plaintiff to any such action [when] he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); *see also* 29 U.S.C. § 256(b) (providing that when a would-be opt-in plaintiff files written consent to join an FLSA action with a district court, he or she becomes a party to the action as of the date

that written consent is filed). Thus, conditional certification is not obligatory for opt-in plaintiffs such as the Six Additional Individuals to join this FLSA action, as "[n]o provision of the FLSA itself prescribes or even authorizes conditional certification." *Anjum*, 2014 WL 5090018, at *13.

The Court's holding here is neither unusual nor unreasonable, even at this late stage in the litigation. *See Dewan v. M-I, L.L.C.*, No. 15-1746, 2016 WL 695717, at *14–16 (S.D. Tex. Feb. 22, 2016) (at the summary judgment stage in an FLSA action, holding that an additional plaintiff who had merely filed an opt-in notice for the action would be treated as a party plaintiff, even though the action was never even conditionally certified as a collective action, because the FLSA mandates that an additional plaintiff has the same status as a plaintiff named in the caption), *rev'd on other grounds*, 858 F.3d 331 (5th Cir. 2017); *Lopez v. Setauket Car Wash & Detail Ctr.*, No. 12-6324, 2015 WL 136336, at *1–3 (E.D.N.Y. Jan. 7, 2015) (in an FLSA action, permitting several opt-in plaintiffs to be named as party plaintiffs two years after the action was commenced); *Alfonso v. Straight Line Installations, LLC*, No. 08-1842, 2010 WL 519851, at *1 (M.D. Fla. Feb. 10, 2010) (same); *Granchelli v. P & A Interests, Ltd.*, No. 11-4514, 2013 WL 435942, at *2 (S.D. Tex. Feb. 4, 2013) (same result and reasoning as to one additional plaintiff); *see also Sawant v. Ramsey*, No. 07-980, 2012 WL 2367547, at *1–2 (D. Conn. June 21, 2012) (in an action to recover damages for violations of federal securities laws, permitting the addition of an opt-in plaintiff as a party plaintiff during trial, because all parties treated that opt-in plaintiff as a party plaintiff while litigating the case, *i.e.*, that

plaintiff was listed in discovery requests and was treated as a party during motion practice before trial). Indeed, the Federal Rules of Civil Procedure in general "provide[] that plaintiffs may be permitted to add parties at any stage of the action, including in the court of appeals." *Balgowan v. New Jersey*, 115 F.3d 214, 217 (3d Cir. 1997) (so holding in an FLSA action). Furthermore, the Court's holding here is equitable, as the statute of limitations could operate to defeat the claims of the Six Additional Individuals if they were not deemed to be party plaintiffs, and they would suffer undue prejudice as a result. *See* 29 U.S.C. §§ 255, 256 (concerning the statute of limitations for an FLSA action).

Even if Plaintiffs' Counsel had sought conditional certification of this action, and if the Court had denied such a motion, the Court could still permit the Six Additional Individuals to be treated as party plaintiffs at this juncture. *See Higgins v. James Doran Co.*, No. 16-2149, 2017 WL 3207722, at *3 (D.S.C. July 28, 2017) (denying conditional certification in an FLSA action, but permitting the opt-in plaintiff to proceed as a party plaintiff even though the "case [was] subject to being called for trial in two months"); *Hill v. R+L Carriers, Inc.*, No. 09-1907, 2011 WL 1990651, at *1–2 (N.D. Cal. May 23, 2011) (denying certification in an FLSA action, but permitting the opt-in plaintiff to proceed as a party plaintiff two years after the action was commenced).

The arguments of Plaintiffs' Counsel have prevailed here. The defendants' oral motion is denied. However, the Court notes that this last-minute determination would not have been necessary, and the trial would not have been put on hold, if Plaintiffs' Counsel

had sought to ensure that the Six Additional Individuals would be treated as party plaintiffs well-before the bench trial commenced.[1]

**IT IS THEREFORE** on this ___1st___ day of April, 2018, **ORDERED** that the defendants' oral motion to bar Sotero Bonilla, Vivian Carrillo, Eusebio Fuentes, Geronimo Fuentes, Bernardino Bonilla Martinez, and Enrique Garcia from being deemed to be party plaintiffs in this action is **DENIED**; and it is further

**ORDERED** that Sotero Bonilla, Vivian Carrillo, Eusebio Fuentes, Geronimo Fuentes, Bernardino Bonilla Martinez, and Enrique Garcia are deemed to be party plaintiffs in this action; and it is further

**ORDERED** that the Clerk of the Court will amend the Court's electronic docket to reflect that Sotero Bonilla, Vivian Carrillo, Eusebio Fuentes, Geronimo Fuentes, Bernardino Bonilla Martinez, and Enrique Garcia are party plaintiffs in this action; and it is further

**ORDERED** that counsel for the parties are directed to appear to resume the bench trial in this action on July 23 and July 24, 2018, at 9:30 AM before Chief Judge Jose L. Linares, in order to permit the defendants to resume their defense in this case.

JOSE L. LINARES
Chief Judge, United States District Court

---

[1] Plaintiffs' Counsel is also reminded of the Court's statement during the trial that if Vivian Carrillo "is not going to be here or not testifying," then her claim "is not going to succeed." (ECF No. 120 at 10.)